UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC, LLC,

    Plaintiff,

v.

GOOGY BABA LLC, et al.,

    Defendants.
_____/

Case No. 1:23-cv-1263

Hon. Hala Y. Jarbou

## OPINION

This is an action for trademark infringement, counterfeiting, and false designation of origin under the Lanham Act. Plaintiff GS Holistic, LLC ("GS") served Defendants Googy Baba LLC and Gurmej Singh with a copy of the complaint. Defendants did not respond, and the Clerk of the Court entered defaults against both of them. GS now moves for default judgment. (ECF No. 17.) The Court will grant the motion as set forth herein.

### I. BACKGROUND

According to the complaint, which the Court accepts as true, GS uses the "Stündenglass" trademark on various products, including glass infusers and related accessories. (Compl. ¶ 7, ECF No. 1.) It has marketed and sold such products since 2020. It owns three registered trademarks that it uses on these products:

- U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

- U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

- U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

(*Id.* ¶ 10.)  Products bearing these marks are "widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from GS."  (*Id.* ¶ 14.)

GS sells products under its trademarks to "authorized stores" throughout the United States. (*Id.* ¶ 19.)  Because of GS's reputation, customers are willing to pay a higher price for Stündenglass branded glass infusers than for non-Stündenglass branded infusers.  (*Id.* ¶ 20.)  The sale of counterfeit versions of its products has become widespread throughout the United States.  GS's investigators have visited thousands of stores in the country; more than a fifth of those stores are selling counterfeit Stündenglass products.  (Folkerts Decl. ¶ 10, ECF No. 27-3.)

Defendant Googy Baba LLC does business as a store called Treehousse Smoke & Vape in Kalamazoo, Michigan.  Defendant Singh is an owner or manager of Googy Baba.  Through that store, Defendants have marketed and sold counterfeit products bearing Stündenglass marks that are inferior to GS's products.  GS contends that Defendants' actions were "willful."  As sellers of vaping products, Defendants knew or should have known that the counterfeit products were of inferior quality and were not genuine Stündenglass products.

Based on the foregoing, GS sues Defendants for trademark counterfeiting and infringement, false designation of origin, and unfair competition under the Lanham Act.  GS served the complaint on Defendants.  They did not respond.  After Defendants defaulted, GS brought its motion for default judgment.  It seeks a judgment for $150,000.00 in statutory damages and $1,186.00 in litigation costs, as well as a permanent injunction.

## II. ANALYSIS

### A. Judgment

The Court has discretion to enter default judgment. When considering whether to exercise that discretion, the Court should consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

The foregoing factors weigh in GS's favor. First, GS's claims have merit and there does not appear to be a possible dispute about the facts. An entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). On entry of default, the well-pleaded allegations of the complaint are taken as true for purposes of liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995). Accepting the truth of GS's allegations, it has established a claim for trademark infringement and counterfeiting under the Lanham Act. In short, it owns valid trademarks on specific goods, and Defendants marketed and sold counterfeit, inferior goods bearing those same trademarks.

Second, GS will likely suffer harm to its trademark rights if Defendants are able to sell such products without consequence. Third, the amount of money at stake is potentially significant, as indicated below. Finally, it does not appear that Defendants' default was due to excusable neglect. Defendants received service of the complaint and apparently chose to ignore the case. Accordingly, default judgment is warranted.

**B. Damages**

Where, as here, the damages sought are not for a sum certain, the Court must determine the damages. *See* Fed. R. Civ. P. 55(b). Entry of a default does not establish damages. *See Antoine*, 66 F.3d at 110.

A successful plaintiff under the Lanham Act "shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Under 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may recover statutory damages in an amount between $1,000 to $200,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court orders just"—or up to $2,000,000 on a finding that use of a counterfeit mark was willful. Here, GS seeks statutory damages in the amount of $150,000 (i.e., $50,000 per trademark) plus costs, arguing that Defendants' conduct was willful.

**1. Statutory Damages**

Although other courts have approved $150,000 in statutory damages when GS sought default judgment in other cases, the Court agrees with its sister court in a similar case that such an award is excessive here:

> [O]n the basis of the available record, the Court is not persuaded that there is evidence supporting an award of $150,000 in statutory damages. Of course, GS Holistic did allege that the conduct was willful. But the allegations of willfulness are sparse, and there is no evidence that Alzokary and Detroit Exotic were warned about their infringing activity or persisted in them after being asked to stop. Nor is there a suggestion that they were distributing counterfeit products on a significant scale. Detroit Exotic appears to be a small local store. The allegations are that an investigator entered it on January 11, 2023, saw an "excess" of bongs displaying the marks at issue being sold at a price of $317.99, and purchased one to confirm his suspicions that it was fake. No photos of the offending display have been provided. And GS Holistic concedes that Defendants "probably have not sold millions of counterfeit products."

\* \* \*

4

> On these facts, the Court finds it appropriate to award statutory damages of $15,000. Liability in this case is predicated on the sale of a single counterfeit product and an uncertain number (but likely small amount) of additional counterfeit sales. An award of $15,000 sends a clear message to stores the size of Detroit Exotic that continuing infringing activities will be unprofitable without representing an unearned windfall for GS Holistic.

*GS Holistic, LLC v. In & Out 423 Inc.*, No. 2:23-CV-11910-TBG-EAS, 2024 WL 3221413, at *4-5 (E.D. Mich. May 23, 2024).

As in that case, Defendants appear to be operating a relatively small local store. There is no evidence that Defendants sold infusers on a significant scale, let alone counterfeit ones. Although Defendants likely sold more than one counterfeit infuser, the photograph of Defendants' display appears to show only one sitting on the shelf. (Store Photograph, ECF No. 17-5, PageID.92.) Also, the evidence of Defendants' willfulness is somewhat sparse and speculative. There is no evidence that GS asked Defendants to stop and that they refused. And the counterfeit itself is not obviously a fake. To the contrary, it appears to be somewhat intricately designed and carefully packaged so as to appear genuine. (*See* Photographs of Counterfeit Infuser, ECF No. 17-5, PageID.94-105.) GS apparently had its investigator purchase the infuser in order to confirm that it was a counterfeit. (Compl. ¶ 29.) GS asserts that Defendants knew or should have known that the products were counterfeit because they did not purchase them from GS and they are not authorized dealers of GS's products. But not every product purchased for resale is purchased directly from the manufacturer. Accordingly, as in the foregoing case, the Court will award GS statutory damages of $15,000.

### 2. Costs

15 U.S.C. § 1117 permits recovery of "the costs of the action." 15 U.S.C. § 1117(a). GS asks for costs of $1,186.00, which includes the $402.00 filing fee, $130.00 in process server fees, and $654.00 in investigation fees. The Court finds these costs are reasonable and permissible.

5

**C. Permanent Injunction**

GS also asks for a permanent injunction prohibiting Defendants from marketing or selling counterfeit Stündenglass products and requiring them to turn over such products in their possession. The Lanham Act permits the Court to grant an injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a [registered mark] or to prevent the violation of any common law trademark rights." 15 U.S.C. § 1116(a)). To obtain such relief, GS must show that: (1) it has suffered irreparable injury; (2) remedies at law are not adequate to compensate for that injury; (3) "the balance of hardships between the plaintiff and defendant" weighs in favor of a permanent injunction; and (4) it is in the public interest to issue an injunction. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Although an evidentiary hearing is typically required, the Court need not hold one here because there are no factual issues in dispute. *See Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005).

GS is entitled to a permanent injunction under the foregoing factors. First, where the owner of a registered trademark has established a violation of its trademark rights, there is a "rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a). Second, there is no adequate remedy at law for future trademark infringement. *Audi AG*, 469 F.3d at 550-51. Third, the balance of hardships weighs in GS's favor because a permanent injunction would require Defendants to stop sales of only one product among many available in their store. Finally, it is in the public interest to enforce federal trademark law and to prevent consumers from being misled regarding the nature of the counterfeit products purchased from Defendants. Accordingly, the Court will grant the requested injunction under terms provided in a separate judgment.

## III. CONCLUSION

In summary, the Court will enter judgment in GS's favor for $15,000 plus costs of $1,186.00.  As part of that judgment, the Court will enter a permanent injunction.


Dated: September 30, 2024              /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE